[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Following a trial on July 7, 1999, the court has carefully considered the testimony of the parties and the witnesses and the exhibits admitted at trial and finds that the plaintiff has failed to sustain his burden of proof and enters judgment in favor of the defendant.
The court makes the following findings of fact. The plaintiff was assaulted by two adult males at approximately 3:00 a.m. on October 21, 1995. The assault occurred within the plaintiff's apartment at 13 Summit Street, Waterbury, Connecticut. The plaintiff sustained injuries as a result of the assault. The plaintiff at the time of the assault, could not identify both of his assailants although he claimed one was definitely the defendant. The assailants fled the scene in a motor vehicle owned by the defendant which had been in the possession of his estranged wife and on the date in question had loaned the vehicle to a Christopher Norton. The plaintiff subsequently learned the identity of one of his assailants, to wit: Christopher Norton, a non-party to the instant case. There were no independent witnesses to the assault.
Following the assault the plaintiff went to Naugatuck where he was involved in a second altercation involving one of his assailants in the initial assault, to wit: Christopher Norton and four other people. He sustained additional injuries in the Naugatuck incident. The defendant was not involved in the second altercation. CT Page 11041
Photographs taken of the plaintiff after the second altercation clearly show evidence of bruises, contusions and bite marks to the plaintiff's upper body and head. However, the plaintiff's testimony was unconvincing as to which injuries were incurred in the first versus the second altercation.
The plaintiff picked out the defendant from a photo array as one of his assailants during an interview at police headquarters. The defendant was arrested several weeks later. Other persons were also arrested as a result of the two incidents. The defendant was ordered to make restitution to the plaintiff in an amount not to exceed $1,000.
The plaintiff did not produce any medical bills or reports at trial or any credible evidence of economic damages.
Credible witnesses testified that the defendant was home in bed at the time of the initial assault.
The plaintiff knew the defendant having met with him a couple of weeks before the assault. Although he claimed one of his assailants in the first assault was definitely the defendant he did not identify the defendant for the police until he was shown the photo array. The plaintiff's testimony was unconvincing.
John R. Caruso, J.